UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GRUNWALD,

      Plaintiff,                            Case No. 2:16-cv-12599

v.                                       HONORABLE STEPHEN J. MURPHY, III

CAROLYN COLVIN,

      Defendant.

                                      /

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [30], ADOPTING REPORT AND RECOMMENDATION [29],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [21], GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25], AND DISMISSING
CASE**

      The Commissioner of the Social Security Administration (SSA) denied Plaintiff David Grunwald's application for Disability Insurance Benefits in a decision issued by an Administrative Law Judge (ALJ). ECF 15-2, PgID 135. The SSA Appeals Council declined to review the ruling. Grunwald appealed and the Court referred the matter to the magistrate judge. The parties then filed cross-motions for summary judgment. *See* ECF 21, 25. The magistrate judge issued a Report and Recommendation suggesting the Court grant the Commissioner's motion, deny Grunwald's motion, and dismiss the case. ECF 29. Grunwald's timely objections followed. ECF 30. For the reasons stated below, the Court will overrule the objections, adopt the Report, deny Grunwald's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the case.

## BACKGROUND

      The Court will adopt the magistrate judge's description of Grunwald's medical and procedural history. *See* ECF 29.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) governs review of a magistrate judge's report. If the parties "serve and file specific written objections to the proposed findings and recommendations," then the Court must review the report de novo. Fed. R. Civ. P. 72(b)(2), (3). A district court need not review portions of a report, however, to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a social security appeal, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ must consider the entire body of evidence but need not directly address each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

**DISCUSSION**

Grunwald objects to the ALJ's evaluation of bathroom-use requirements, opinion evidence, and credibility. Additionally, Grunwald claims the ALJ should not have relied on

the vocational expert's (VE) testimony because it lacked foundation. As the magistrate judge explained in her thorough and well-reasoned report, the objections lack merit.

I. Bathroom-Proximity Limitation

Grunwald claims the ALJ failed to properly evaluate his bathroom-use requirements. Grunwald testified that he suffered symptoms from colitis once or twice a week. ECF 15-3, PgID 162. But the medical records contain scarce mention of colitis. A colonoscopy revealed "mild ischemic colitis" that was stabilized with antibiotics and "home medications." ECF 15-13, PgID 628–29. Also, a treating physician listed "colitis" as one of Grunwald's reported symptoms. ECF 15-17, PgID 903.

As an initial matter, Grunwald bears the "burden to prove the severity of [his] impairments." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). He has not met his burden with regard to colitis. The limited record evidence regarding colitis does not prove the severity or functional limitations Grunwald claims. Also, the ALJ was not required to explicitly address the conflict between Grunwald's testimony and his medical records. *Kornecky*, 167 F. App'x at 508. Instead, she implicitly resolved the conflict by examining the medical records related to colitis, noting that Grunwald's statements related to the severity of symptoms lacked objective medical support, and concluding that colitis was not a severe impairment. *See* ECF 15-2, PgID 127, 130. In sum, the limited medical documentation of Grunwald's colitis supported the ALJ's conclusion regarding the severity of the impairment and her determination as to his bathroom-proximity restrictions.

In addition, the ALJ's bathroom-proximity limitation was substantially supported by both Grunwald's testimony and the medical records. Grunwald testified that he has to urinate two times an hour "[b]ecause of my diabetes and I have to drink a lot of water." ECF

3

15-3, PgID 162. Doctors repeatedly advised Grunwald that a change in diet would help control his diabetes and its complications. *See, e.g.*, ECF 15-10, PgID 449. He also testified that he does not comply with the recommended dietary restrictions. ECF 15-3, PgID 166–67. Thus, the ALJ properly concluded that better control of Grunwald's diabetes would lead to reduced bathroom-use limitations.

On a related point, Grunwald objects that the ALJ's conclusion—that Grunwald could "manage his [colitis] symptoms, which are often secondary to uncontrolled diabetes and intestinal disorders"—lacked support from the medical evidence. *See* ECF 15-2, PgID 130. But regardless of whether the medical record explicitly linked Grunwald's colitis symptoms to his uncontrolled diabetes, substantial evidence supported the ALJ's determination that his colitis was not a severe impairment. ECF 15-13, PgID 628–29 (medical records indicating "mild colitis" treated with antibiotics and pain medication), ECF 15-17, PgID 903 (medical record listing "colitis" as a symptom reported by Grunwald). As a result, the Court finds no error with the ALJ's conclusion regarding the severity of Grunwald's colitis or the bathroom-proximity limitation. There is no reason "to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky*, 167 F. App'x at 507 (quotations omitted).

Lastly, Grunwald argues that the ALJ failed to consider that the record contains scarce mention of colitis because he lost his insurance and thus could not seek treatment. But the ALJ did not make any adverse findings from Grunwald's failure to seek treatment for the colitis. Instead, the ALJ properly based her conclusion regarding the severity of Grunwald's colitis on the medical records. *See Hensley v. Comm'r of Soc. Sec.*, No. 1:15-cv-711, 2017 WL 1055152, at *4 (S.D. Ohio Mar. 21, 2017) (finding no error in ALJ's

4

analysis of uninsured claimant's impairment because "the ALJ did not cite a lack of medical treatment as a basis for her findings."). There is no error.

II. Opinion Evidence

Grunwald challenges the ALJ's analysis of medical opinion evidence. He points to record evidence that—according to Grunwald—tends to support the medical opinions of Drs. Garg and Mohey. But his argument misapprehends the standard of review. The Court's role is "not to resolve conflicting evidence in the record[.]" *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Instead, the Court focuses "on whether substantial evidence supports" the Commissioner's decision. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Here, substantial evidence supported the ALJ's opinion analysis. Grunwald's physical exams frequently documented normal breath sounds, unlabored breathing, regular heart rate and rhythm, no fatigue, no shortness of breath, no joint pain, and no limitation on movement. ECF 15-10, PgID 450–51, 453–54, 457–58, 465–66. The information gleaned from the exams contradicted Dr. Garg's and Dr. Mohey's opinions to the contrary.

If a medical opinion is not supported by "objective medical evidence, the ALJ is entitled to discredit the opinion as long as [she] sets forth a reasoned basis for her rejection." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). As the ALJ explained, the opinions of Drs. Garg and Mohey "suggest acute restrictions for impairments that are supported by medical documents indicating only mild to moderate objective findings." ECF 15-2, PgID 132. "The substantial-evidence standard . . . presupposes that

5

there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r Of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Because the ALJ's decision was within the zone of choice and supported by substantial evidence, "this Court will defer to that finding[.]" *Longworth*, 402 F.3d at 595.

III. Credibility Determination

Next, Grunwald challenges the ALJ's credibility determination. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. But the ALJ's determination "must find support in the record"; "blanket assertions that the claimant is not believable will not pass muster[.]" *Id.* at 247–48. Here, the ALJ determined that Grunwald's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible" in light of the objective medical evidence. ECF 15-2, PgID 130.

Substantial evidence supported the ALJ's determination. For instance, Grunwald indicated that he regularly engages in a wide range of daily activities: he takes his step-son to school, takes care of pets, prepares meals, completes chores, mows the lawn, runs the vacuum, does the laundry, picks up his step-son from school, and attends his step-son's sporting events. ECF 15-10, PgID 460, ECF 15-7, PgID 333–36. Grunwald's ability "to live independently and perform regular household activities belies [his] claim that [he] is totally disabled." *Berry v. Comm'r of Soc. Sec.*, 289 F. App'x 54, 56 (6th Cir. 2008). And, as the ALJ noted, Grunwald worked during his claimed period of disability. ECF 15-2, PgID 132, *see also* ECF 15-3, PgID 169–71 (working for K-Mart and in self-employed lawn-care job). Although not dispositive, "[a]ny work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity." *Mullis v. Bowen*, 861 F.2d 991,

993 (6th Cir. 1988). The ALJ concluded that Grunwald's statements regarding his limitations—including those related to leg pain—were inconsistent with the record evidence. In light of Grunwald's statements concerning his daily schedule and work history, and the record evidence, the Court will not disturb the ALJ's properly supported credibility determination.

Grunwald also argues that the ALJ erred by failing to recognize the limited functional capacity of a class II heart disease. But, as the magistrate judge noted, "[t]he mere existence of [an] impairment[] . . . does not establish that [Grunwald] was significantly limited from performing basic work activities for a continuous period of time." *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007). And, as discussed above, the ALJ correctly relied on substantial record evidence to make a credibility assessment regarding the extent of Grunwald's claimed limitations.

IV. Support for VE's testimony

Grunwald argues that the VE's testimony regarding job availability lacks foundation and was conjured out of whole cloth. During the hearing, Grunwald stipulated to the VE's qualifications to provide expert testimony, ECF 15-3, PgID 171, and questioned the VE on the basis for his opinion, *id.* at 184–87. The VE responded that he formed his opinion based on "the Michigan Office of Labor Market Information, Department of Career Development, U.S. Publishing, Department of Labor Census information, Occupational Outlook Handbook, Occupational Employment Quarterly," as well as his own experience and his own materials. *Id.* at 186–87. Because the VE's personal materials are not part of the record, Grunwald contends that the VE failed to provide a foundation for his testimony.

When making the same argument in his motion for summary judgment, Grunwald relied on a Seventh Circuit case for the proposition that the ALJ must inquire into the reliability of the VE's conclusions. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) ("If the basis of the vocational expert's conclusions *is* questioned at the hearing, however, then the ALJ should make an inquiry (similar though not necessarily identical to that of Rule 702) to find out whether the purported expert's conclusions are reliable.").

The Sixth Circuit, however, "has not adopted this standard." *Biestek v. Berryhill*, No. cv 16-10422, 2017 WL 1173775, at *2 (E.D. Mich. Mar. 30, 2017), *appeal pending* (No. 17-1459, Apr. 24, 2017); *see also Masters v. Astrue*, No. CIV A 07-123-JBC, 2008 WL 4082965, at *4 (E.D. Ky. Aug. 29, 2008) ("[T]he Sixth Circuit does not require remand merely if an ALJ fails to probe the reliability of a VE[.]"). Instead, reliability is one factor among many the ALJ must consider in assessing the VE's credibility. *Biestek*, 2017 WL 1173775, at *2.

Here, the ALJ properly found the VE's conservative jobs estimate credible because it was "based upon the Dictionary of Occupational Titles" and supported by the VE's "knowledge and experience of the job market in Southeastern Michigan." ECF 15-2, PgID 134. In addition, Grunwald had a full opportunity to test the reliability of the VE's testimony: he stipulated to the VE's qualifications to offer expert testimony, ECF 15-3, PgID 171, conducted a cross-examination, *id.* at 175–87, received a list of publicly available sources relied on by the VE, *id.* at 186–87, and declined the ALJ's offer for a supplementary hearing to continue cross-examination of the VE, *id.* at 185, 187. The VE's testimony "was based on identifiable statistics, and he offered a conservative estimate of the available number of jobs based upon those numbers, informed by his expertise and experience. This is

sufficient to satisfy the 'substantial evidence' standard." *Palmer v. Astrue*, No. 1:10-cv-151-JGM, 2011 WL 3881024, at *6 (D. Vt. Sept. 2, 2011).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [30] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [29] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's motion for summary judgment [21] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment [25] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** with prejudice.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 18, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager